United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **EVERARDO TREVINO AND MATILDE TREVINO** § § § **Plaintiffs,** § § v. § § **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** § § § § **Defendant.** § | Civil Action No. 7:24-CV-00297 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Verified Motion for Partial Summary Judgment on Defendant's Waiver of Policy Appraisal Clause, (Dkt. No. 7), and Defendant's Objections to Plaintiffs' Summary Judgment Exhibits, (Dkt. No. 16). For the reasons below, the Court **DENIES** Plaintiffs' Motion **WITHOUT PREJUDICE** and **OVERRULES** Defendant's Objections **AS MOOT**.

## I. BACKGROUND[1]

Plaintiffs Everardo and Matilde Trevino sustained wind damage to their home, located in Mission, Texas, in April 2023. (Dkt. No. 1-5 at 3). Allstate Vehicle and Property Insurance Company ("Allstate") insured the Trevinos' home. (Dkt. No. 15-2). On September 14, 2023, the Trevinos reported the claim to Allstate. (Dkt. No. 7-1 at 2). On

---

[1] Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

September 17, 2023, Allstate inspected the home and prepared an estimate of the damages. (Dkt. No. 7 at 13); (Dkt. No. 15-1 at 2). Dissatisfied, the Trevinos hired a different contractor to prepare a different estimate. (Dkt. No. 1-11 at 2, 7); (Dkt. No. 7-1 at 11–51). The estimate was submitted to Allstate in November 2023. (Dkt. No. 1-11); (Dkt. No. 7-1 at 65); (Dkt. No. 15 at 8). Allstate performed a second inspection on December 12, 2023, (Dkt. No. 7 at 16), which Allstate alleges "confirmed the findings from Allstate's first inspection," (Dkt. No. 15 at 8).

On March 20, 2024, the Trevinos sued Allstate in state court in Hidalgo County for declaratory relief, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, fraud, breach of contract, and breach of the duty of good faith and fair dealing. (Dkt. No. 1-5). On July 15, 2024, Allstate answered in state court with a general denial,[2] (Dkt. No. 1-8), and later removed the case to federal court under diversity jurisdiction, (Dkt. No. 1).

The insurance policy includes an appraisal clause allowing either party to demand appraisal of disputed loss amounts. (Dkt. No. 15-2 at 21–22). To date, Allstate has not invoked appraisal. Nevertheless, the Trevinos move for partial summary judgment on the basis that Allstate waived its right to appraisal.[3] (*See* Dkt. No. 7).

---

[2] Allstate later filed a First Amended Answer in the removed case. (Dkt. No. 24).

[3] Counsel for the Trevinos filed nearly identical motions on the issue of appraisal waiver in many cases in other courts in this district in late-2024. (Dkt. No. 15 at 5); *see also Del Castillo Zavala v. Allstate Tex. Lloyds*, No. 7:24-CV-00313, 2025 WL 1485870, at *1 (S.D. Tex. Jan. 23, 2025) ("Through the Motion, filed by the same counsel in multiple other cases, Plaintiff seeks summary judgment on her argument that Defendant waived its contractual right under the parties' insurance policy—a right shared by Plaintiff—to invoke appraisal to resolve any dispute on the 'amount of loss.'").

## II. LEGAL STANDARD

### A. SUMMARY JUDGMENT

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

B. APPRAISAL CLAUSES

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Nat'l Liab. & Fire Ins. v. R&R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996)). Accordingly, this Court applies "the substantive insurance law of Texas." *Int'l Ins. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005).

"An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed . . . ." *In re Farmers*

4

*Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018)). Policies are construed in the same manner as any other contract. *Menchaca*, 545 S.W.3d at 488. Appraisal clauses are included in most insurance policies as a way of resolving disputes over the amount of covered losses. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009). "These clauses are generally enforceable, absent illegality or waiver." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding).

### III.   DISCUSSION

#### A.   WAIVER OF AN APPRAISAL CLAUSE

The Trevinos argue that Allstate waived its contractual right to invoke appraisal. The Court disagrees. The party challenging appraisal based on waiver bears the burden of establishing (1) an unreasonable delay between the point of impasse in negotiations and the appraisal demand, and (2) prejudice resulting from the delay. *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 889 (Tex. App.—Fort Worth 2018, orig. proceeding) (citing *In re Universal Underwriters.*, 345 S.W.3d at 411). Because Allstate has not invoked appraisal, the waiver issue is not ripe.[4] Even if the issue were ripe, the Trevinos have not established that they are prejudiced by Allstate's purported delay.

---

[4]   As noted above, the pending motion is almost identical to other motions filed in different cases by the Trevinos' counsel. *See supra* n.3. The Court's ruling here comports with the decision reached by Chief Judge Randy Crane in this Division, which held that waiver was not ripe for review and denied the motion for partial summary judgment without prejudice. *See Del Castillo Zavala*, 2025 WL 1485870, at *1.

1. **Ripeness**

Ripeness turns on whether the dispute involves "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *Fed. Election Comm'n v. Lance*, 635 F.2d 1132, 1138 (5th Cir. 1981) (en banc) (quoting 13 Wright, Miller & Cooper, Fed. Prac. and Proc. § 3532 (1975)). Allstate has not invoked appraisal and "has not decided" if it will. (Dkt. No. 15 at 10). Because it is uncertain whether Allstate will invoke appraisal as the Trevinos anticipate, the waiver argument is not ripe.

The Trevinos argue that the Court should decide the issue now because "[a] trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." (Dkt. No. 7 at 17) (quoting *Ganim v. Zurich Am. Ins.*, No. 4:23-CV-01897, 2024 WL 420149, at *2 (S.D. Tex. Feb. 5, 2024)). *Ganim*, however, is not on point. There, the plaintiff actually demanded appraisal, making the waiver issue "definite and concrete." *Int'l Tape Mfrs. Ass'n v. Gerstein*, 494 F.2d 25, 27 (5th Cir. 1974) (citing *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)) (stating the "general rule for determining ripeness"). Here, no demand has been made. The Court thus declines to resolve this issue and denies summary judgment without prejudice.

2. **Prejudice**

Even assuming the issue is ripe, the waiver argument fails for a different reason: the Trevinos have not shown prejudice. *In re Universal Underwriters*, 345 S.W.3d at 411 ("[M]ere delay [in seeking appraisal] is not enough to find waiver; a party must show

that it has been prejudiced."). Prejudice may be demonstrated by harm to a party's legal rights or financial position. *Id.* Even so, as the Texas Supreme Court observed:

> [I]t is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself. This could short-circuit potential litigation and should be pursued before resorting to the courts.

*Id.* at 412.

The Trevinos argue they have been prejudiced by Allstate's delay in invoking appraisal because they have incurred litigation expenses. (Dkt. No. 7 at 35–36). But this prejudice is self-imposed. The policy allows the Trevinos to demand appraisal, (Dkt. No. 15-2 at 21–22), and they chose not to. By bypassing the less expensive appraisal process, the Trevinos assumed the higher costs of litigation instead.[5]

The Trevinos also assert that they have been prejudiced by the threat of an appraisal demand. (Dkt. No. 7 at 10, 23–24, 35–36). In their view, Allstate can "theoretically invoke appraisal on the courthouse steps at trial." (*Id.* at 35–36). This alleged prejudice is not only speculative but also unsupported; the Trevinos have

---

[5] To be sure, much of the case law cited by the Trevinos, (Dkt. No. 7 at 34–35), shows that *Allstate* would be prejudiced if the *Trevinos* were to invoke appraisal at this point. *See Coleman v. AmGuard Ins.*, 709 F.Supp.3d 279, 283 (S.D. Tex. 2023) (finding plaintiff waived appraisal by invoking it after filing suit, and defendant was prejudiced because it "incurred expense throughout the litigation process, all or most of which would have been avoided if [plaintiff] had demanded appraisal before—or at least promptly after—bringing this lawsuit"); *Ganim*, 2024 WL 420149, at *3 (finding plaintiff waived appraisal by invoking it after filing suit, and defendant was prejudiced because it incurred costs that could have been avoided if plaintiff invoked appraisal before filing suit); *Elevia, Inc. v. AmGuard Ins.*, No. 4:19-CV-04028, 2020 WL 6192008, at *2 (S.D. Tex. May 21, 2020) (same).

identified no specific evidence to support that Allstate has made such a threat. Because there is no evidence of prejudice, the Trevinos have failed to show that they are entitled to judgment as a matter of law on the waiver issue.

### B. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

The Court did not rely on any of the objected-to portions of the partial motion for summary judgment. Accordingly, Allstate's objections are overruled as moot. *See, e.g.*, *Garcia v. City of Laredo*, No. 5:12-CV-00117, 2014 WL 2815682, at *1 n.1 (S.D. Tex. June 20, 2014).

### IV. CONCLUSION

Considering the foregoing, the Court **DENIES** Plaintiffs' Verified Motion for Partial Summary Judgment on Defendant's Waiver of Policy Appraisal Clause, (Dkt. No. 7), **WITHOUT PREJUDICE** and **OVERRULES** Defendant's Objections to Plaintiffs' Summary Judgment Exhibits, (Dkt. No. 16), **AS MOOT**.

It is SO ORDERED.

Signed on September 30, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**